CLARK HILL LLP
Brian M. Hom (SBN 240055)
C. Brian Wagner (SBN 302516)
bhom@clarkhill.com
bwagner@clarkhill.com
505 Montgomery Street, 13th Floor
San Francisco, CA 94111
Telephone:   (415) 984-8500
Facsimile:   (415) 984-8599

Attorneys for Defendant
BMW of North America, LLC


CALIFORNIA CONSUMER ATTORNEYS, P.C.
Michael H. Rosenstein (SBN 169091)
mhr@calattorneys.com
Sepehr Daghighian (SBN 239349)
sd@calattorneys.com
10866 Wilshire Blvd., Suite 1200
Los Angeles, CA 90024
Telephone: (310) 872-2600
Facsimile: (310) 730-7377

Attorneys for Plaintiffs
TINA YOONJUNG KIM AND DAVID KIM


# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA YOONJUNG KIM, an individual and DAVID KIM, an individual,<br><br>                              Plaintiffs,<br><br>        v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive<br><br>                              Defendant. | Case No.: 5:22-cv-00202-JWH-KKx<br><br>**STIPULATION AND PROTECTIVE ORDER-CONFIDENTIAL DESIGNATION ONLY**<br><br><br>Date:        February 1, 2022<br>Judge:       Hon. John W. Holcomb |

1

STIPULATION AND PROTECTIVE ORDER

1.   A.   PURPOSE AND LIMITATION

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable

1  necessary uses of such material in preparation for and in the conduct of trial, to address

2  their handling at the end of the litigation, and serve the ends of justice, a protective order

3  for such information is justified in this matter. It is the intent of the parties that

4  information will not be designated as confidential for tactical reasons and that nothing be

5  so designated without a good faith belief that it has been maintained in a confidential,

6  non-public manner, and there is good cause why it should not be part of the public record

7  of this case.

8

9      2.    DEFINITIONS

10      2.1    Action: *Tina Yoonjung Kim et. al. v. BMW of North America, LLC* Central

11  District Court, Case No.: 5:22-cv-00202-JWH-KK

12      2.2    Challenging Party: a Party or Non-Party that challenges the designation of

13  information or items under this Order.

14      2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it

15  is generated, stored or maintained) or tangible things that qualify for protection under

16  Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

17  Statement.

18      2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their

19  support staff).

20      2.5    Designating Party: a Party or Non-Party that designates information or items

21  that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

22      2.6    Disclosure or Discovery Material: all items or information, regardless of the

23  medium or manner in which it is generated, stored, or maintained (including, among

24  other things, testimony, transcripts, and tangible things), that are produced or generated in

25  disclosures or responses to discovery in this matter.

26      2.7    Expert: a person with specialized knowledge or experience in a matter

27  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

28

CLARKHILL\A3658\447489\268297954.v1-8/18/22

1    expert witness or as a consultant in this Action.

2        2.8    House Counsel: attorneys who are employees of a party to this Action.

3    House Counsel does not include Outside Counsel of Record or any other outside counsel.

4        2.9    Non-Party: any natural person, partnership, corporation, association, or other

5    legal entity not named as a Party to this action.

6        2.10   Outside Counsel of Record: attorneys who are not employees of a party to

7    this Action but are retained to represent or advise a party to this Action and have

8    appeared in this Action on behalf of that party or are affiliated with a law firm which has

9    appeared on behalf of that party, and includes support staff.

10       2.11   Party: any party to this Action, including all of its officers, directors,

11   employees, consultants, retained experts, and Outside Counsel of Record (and their

12   support staffs).

13       2.12   Producing Party: a Party or Non-Party that produces Disclosure or

14   Discovery Material in this Action.

15       2.13   Professional Vendors: persons or entities that provide litigation support

16   services (e.g., photocopying, videotaping, translating, preparing exhibits or

17   demonstrations, and organizing, storing, or retrieving data in any form or medium) and

18   their employees and subcontractors.

19       2.14   Protected Material: any Disclosure or Discovery Material that is designated

20   as "CONFIDENTIAL."

21       2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from

22   a Producing Party.

23

24       3.    SCOPE

25       The protections conferred by this Stipulation and Order cover not only Protected

26   Material (as defined above), but also (1) any information copied or extracted from

27   Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

28

1    Material; and (3) any testimony, conversations, or presentations by Parties or their

2    Counsel that might reveal Protected Material. Any use of Protected Material at trial shall

3    be governed by the orders of the trial judge. This Order does not govern the use of

4    Protected Material at trial.

5

6        4.    DURATION

7        Even after final disposition of this litigation, the confidentiality obligations

8    imposed by this Order shall remain in effect until a Designating Party agrees otherwise in

9    writing or a court order otherwise directs. Final disposition shall be deemed to be the later

10   of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and

11   (2) final judgment herein after the completion and exhaustion of all appeals, rehearings,

12   remands, trials, or reviews of this Action, including the time limits for filing any motions

13   or applications for extension of time pursuant to applicable law.

14

15       5.    DESIGNATING PROTECTED MATERIAL

16       5.1   Exercise of Restraint and Care in Designating Material for Protection. Each

17   Party or Non-Party that designates information or items for protection under this Order

18   must take care to limit any such designation to specific material that qualifies under the

19   appropriate standards. The Designating Party must designate for protection only those

20   parts of material, documents, items, or oral or written communications that qualify so that

21   other portions of the material, documents, items, or communications for which protection

22   is not warranted are not swept unjustifiably within the ambit of this Order.

23       Mass, indiscriminate, or routinized designations are prohibited. Designations that

24   are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

25   to unnecessarily encumber the case development process or to impose unnecessary

26   expenses and burdens on other parties) may expose the Designating Party to sanctions.

27       If it comes to a Designating Party's attention that information or items that it

28

STIPULATION AND PROTECTIVE ORDER
CLARKHILL\A3658\447489\268297954.v1-8/18/22

1    designated for protection do not qualify for protection, that Designating Party must

2    promptly notify all other Parties that it is withdrawing the inapplicable designation.

3        5.2    Manner and Timing of Designations. Except as otherwise provided in this

4    Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

5    ordered, Disclosure or Discovery Material that qualifies for protection under this Order

6    must be clearly so designated before the material is disclosed or produced.

7        Designation in conformity with this Order requires:

8        (a)    for information in documentary form (e.g., paper or electronic

9    documents, but excluding transcripts of depositions or other pretrial or trial proceedings),

10   that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

11   "CONFIDENTIAL legend"), to each page that contains protected material. If only a

12   portion or portions of the material on a page qualifies for protection, the Producing Party

13   also must clearly identify the protected portion(s) (e.g., by making appropriate markings

14   in the margins).

15       A Party or Non-Party that makes original documents available for inspection need

16   not designate them for protection until after the inspecting Party has indicated which

17   documents it would like copied and produced. During the inspection and before the

18   designation, all of the material made available for inspection shall be deemed

19   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

20   copied and produced, the Producing Party must determine which documents, or portions

21   thereof, qualify for protection under this Order. Then, before producing the specified

22   documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page

23   that contains Protected Material. If only a portion or portions of the material on a page

24   qualifies for protection, the Producing Party also must clearly identify the protected

25   portion(s) (e.g., by making appropriate markings in the margins).

26       (b)    for testimony given in depositions that the Designating Party identify

27   the Disclosure or Discovery Material on the record, before the close of the deposition all

28

6

STIPULATION AND PROTECTIVE ORDER

1    protected testimony.

2        (c)    for information produced in some form other than documentary and

3    for any other tangible items, that the Producing Party affix in a prominent place on the

4    exterior of the container or containers in which the information is stored the legend

5    "CONFIDENTIAL." If only a portion or portions of the information warrants protection,

6    the Producing Party, to the extent practicable, shall identify the protected portion(s).

7        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

8    to designate qualified information or items does not, standing alone, waive the

9    Designating Party's right to secure protection under this Order for such material. Upon

10   timely correction of a designation, the Receiving Party must make reasonable efforts to

11   assure that the material is treated in accordance with the provisions of this Order.

12

13       6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

14       6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation

15   of confidentiality at any time that is consistent with the Court's Scheduling Order.

16       6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution

17   process under Local Rule 37.1 et seq.

18       6.3    The burden of persuasion in any such challenge proceeding shall be on the

19   Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to

20   harass or impose unnecessary expenses and burdens on other parties) may expose the

21   Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn

22   the confidentiality designation, all parties shall continue to afford the material in question

23   the level of protection to which it is entitled under the Producing Party's designation until

24   the Court rules on the challenge.

25

26       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

27       7.1    Basic Principles. A Receiving Party may use Protected Material that is

28

STIPULATION AND PROTECTIVE ORDER
CLARKHILL\A3658\447489\268297954.v1-8/18/22

disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses ,and attorneys for witnesses, in the

STIPULATION AND PROTECTIVE ORDER
CLARKHILL\A3658\447489\268297954.v1-8/18/22

1  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

2  requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not

3  be permitted to keep any confidential information unless they sign the "Acknowledgment

4  and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

5  Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to

6  depositions that reveal Protected Material may be separately bound by the court reporter

7  and may not be disclosed to anyone except as permitted under this Stipulated Protective

8  Order; and

9       (i)   any mediator or settlement officer, and their supporting personnel,

10 mutually agreed upon by any of the parties engaged in settlement discussions.

11

12      8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

13 IN OTHER LITIGATION

14      If a Party is served with a subpoena or a court order issued in other litigation that

15 compels disclosure of any information or items designated in this Action as

16 "CONFIDENTIAL," that Party must:

17      (a)   promptly notify in writing the Designating Party. Such notification

18 shall include a copy of the subpoena or court order;

19      (b)   promptly notify in writing the party who caused the subpoena or order

20 to issue in the other litigation that some or all of the material covered by the subpoena or

21 order is subject to this Protective Order. Such notification shall include a copy of this

22 Stipulated Protective Order; and

23      (c)   cooperate with respect to all reasonable procedures sought to be

24 pursued by the Designating Party whose Protected Material may be affected.

25      If the Designating Party timely seeks a protective order, the Party served with the

26 subpoena or court order shall not produce any information designated in this action as

27 "CONFIDENTIAL" before a determination by the court from which the subpoena or

28

9

STIPULATION AND PROTECTIVE ORDER

1   order issued, unless the Party has obtained the Designating Party's permission. The

2   Designating Party shall bear the burden and expense of seeking protection in that court of

3   its confidential material and nothing in these provisions should be construed as

4   authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive

5   from another court.

6

7       9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

8   PRODUCED IN THIS LITIGATION

9       (a)     The terms of this Order are applicable to information produced by a

10  Non-Party in this Action and designated as "CONFIDENTIAL." Such information

11  produced by Non-Parties in connection with this litigation is protected by the remedies

12  and relief provided by this Order. Nothing in these provisions should be construed as

13  prohibiting a Non-Party from seeking additional protections.

14      (b)     In the event that a Party is required, by a valid discovery request, to

15  produce a Non-Party's confidential information in its possession, and the Party is subject

16  to an agreement with the Non-Party not to produce the Non-Party's confidential

17  information, then the Party shall:

18          (1)     promptly notify in writing the Requesting Party and the Non-

19      Party that some or all of the information requested is subject to a confidentiality

20      agreement with a Non-Party;

21          (2)     promptly provide the Non-Party with a copy of the Stipulated

22      Protective Order in this Action, the relevant discovery request(s), and a reasonably

23      specific description of the information requested; and

24          (3)     make the information requested available for inspection by the

25      Non-Party, if requested.

26      (c)     If the Non-Party fails to seek a protective order from this court within

27  14 days of receiving the notice and accompanying information, the Receiving Party may

28

STIPULATION AND PROTECTIVE ORDER
CLARKHILL\A3658\447489\268297954.v1-8/18/22

1   produce the Non-Party's confidential information responsive to the discovery request. If

2   the Non-Party timely seeks a protective order, the Receiving Party shall not produce any

3   information in its possession or control that is subject to the confidentiality agreement

4   with the Non-Party before a determination by the court. Absent a court order to the

5   contrary, the Non-Party shall bear the burden and expense of seeking protection in this

6   court of its Protected Material.

7

8   **10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

10   Protected Material to any person or in any circumstance not authorized under this

11   Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

12   the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

13   all unauthorized copies of the Protected Material, (c) inform the person or persons to

14   whom unauthorized disclosures were made of all the terms of this Order, and (d) request

15   such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

16   that is attached hereto as Exhibit A.

17

18   **11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

19   **PROTECTED MATERIAL**

20   When a Producing Party gives notice to Receiving Parties that certain inadvertently

21   produced material is subject to a claim of privilege or other protection, the obligations of

22   the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

23   This provision is not intended to modify whatever procedure may be established in an e-

24   discovery order that provides for production without prior privilege review. Pursuant to

25   Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

26   effect of disclosure of a communication or information covered by the attorney-client

27   privilege or work product protection, the parties may incorporate their agreement in the

28

STIPULATION AND PROTECTIVE ORDER
CLARKHILL\A3658\447489\268297954.v1-8/18/22

1  stipulated protective order submitted to the court.

2

3  12.    MISCELLANEOUS

4  12.1    Right to Further Relief. Nothing in this Order abridges the right of any

5  person to seek its modification by the Court in the future.

6  12.2    Right to Assert Other Objections. By stipulating to the entry of this

7  Protective Order no Party waives any right it otherwise would have to object to disclosing

8  or producing any information or item on any ground not addressed in this Stipulated

9  Protective Order. Similarly, no Party waives any right to object on any ground to use in

10  evidence of any of the material covered by this Protective Order.

11  12.3    Filing Protected Material. A Party that seeks to file under seal any Protected

12  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

13  under seal pursuant to a court order authorizing the sealing of the specific Protected

14  Material at issue. If a Party's request to file Protected Material under seal is denied by the

15  court, then the Receiving Party may file the information in the public record unless

16  otherwise instructed by the court.

17

18  13.    FINAL DISPOSITION

19  After the final disposition of this Action, as defined in paragraph 4, within 60 days

20  of a written request by the Designating Party, each Receiving Party must return all

21  Protected Material to the Producing Party or destroy such material. As used in this

22  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

23  summaries, and any other format reproducing or capturing any of the Protected Material.

24  Whether the Protected Material is returned or destroyed, the Receiving Party must submit

25  a written certification to the Producing Party (and, if not the same person or entity, to the

26  Designating Party) by the 60 day deadline that (1) identifies (by category, where

27  appropriate) all the Protected Material that was returned or destroyed and (2)affirms that

28

STIPULATION AND PROTECTIVE ORDER
CLARKHILL\A3658\447489\268297954.v1-8/18/22

1   the Receiving Party has not retained any copies, abstracts, compilations, summaries or

2   any other format reproducing or capturing any of the Protected Material. Notwithstanding

3   this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

4   papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

5   deposition and trial exhibits, expert reports, attorney work product, and consultant and

6   expert work product, even if such materials contain Protected Material. Any such archival

7   copies that contain or constitute Protected Material remain subject to this Protective

8   Order as set forth in Section 4 (DURATION).

9

10          14.     Any violation of this Order may be punished by any and all appropriate

11   measures including, without limitation, contempt proceedings and/or monetary sanctions.

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

STIPULATION AND PROTECTIVE ORDER
CLARKHILL\A3658\447489\268297954.v1-8/18/22

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   DATED: August 25, 2022

4

5

6   Attorneys for Plaintiffs

7

8   DATED: August 25, 2022

9

10   /s/ C. Brian Wagner

    Attorneys for Defendant

11

12

13   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

14

15   DATED: August 26, 2022

16

17

18   Hon. Kenly Kiya Kato
    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

14

STIPULATION AND PROTECTIVE ORDER

## EXHIBIT A

### CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [Name], ___

_____ [Position and Employer], am about to

receive Confidential Materials supplied in connection with the Proceeding, *Bailey N.*

*Gibson v. FCA US LLC, et al.* Riverside Superior Court Case No. CVRI2201468. I certify

that I understand that the Confidential Materials are provided to me subject to the terms

and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have

been given a copy of the Stipulation and Protective Order, I have read it, and I agree to be

bound by its terms.

I understand that Confidential Materials, as defined in this Stipulation and

Protective Order, including any notes or other records that may be made regarding any

such materials, shall not be Disclosed to anyone except as expressly permitted by the

Stipulation and Protective Order. I will not copy or use, except solely for the purposes of

this Proceeding, any Confidential Materials obtained pursuant to this Protective Order,

except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials

provided to me in the Proceeding in a secure manner, and that all copies of such Materials

are to remain in my personal custody until termination of my participation in this

Proceeding, whereupon the copies of such Materials will be returned to counsel who

provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the

foregoing is true and correct.

Executed this _____ day of _____, 2022 at _____,

California.

By: _____

15

STIPULATION AND PROTECTIVE ORDER

221312331.v1
CLARKHILL\A3658\447489\268297954.v1-8/18/22

**PROOF OF SERVICE**

I am employed in San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. My business address is Clark Hill LLP, 505 Montgomery Street, 13th Floor, San Francisco, California, 94111. I am over the age of eighteen years and not a party to the within action.

On August 18, 2022, I served the following documents in the manner described below:

**STIPULATION AND PROTECTIVE ORDER-CONFIDENTIAL DESIGNATION ONLY**

☐      (BY U.S. MAIL)  I am personally and readily familiar with the business practice of Clark Hill LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

☐      (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐      (BY FACSIMILE)  I am personally and readily familiar with the business practice of Clark Hill LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐      (BY OVERNIGHT MAIL)  I am personally and readily familiar with the business practice of Clark Hill LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☑      BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through Clark Hill LLP's electronic mail system from jhilton@ClarkHill.com to the email addresses set forth below.

☐      (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to the offices of each addressee below.

On the following part(ies) in this action:
Attorneys for Plaintiffs
Michael H. Rosenstein
Sepehr Daghighian
Michael William Oppenheim
CALIFORNIA CONSUMER ATTORNEYS, P.C.
10866 Wilshire Blvd., Suite 1200
Los Angeles, CA 90024
Ph: 310.872.2600
Fax: 310.730.7377
Email: mhr@calattorneys.com
sd@calattorneys.com
mwo@calattorneys.com
eservice@calattorneys.com

1

2      I declare under penalty of perjury under the laws of the State of California that the
       foregoing is true and correct.

3      Executed on August 18, 2022, at San Francisco, California.

4

5      _____
       Joyce J. Hilton

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28